IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL FUENTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-3706 |
| | ) | |
| STUDIO MOVIE GRILL, | ) | Judge: |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, Daniel Fuentes, by and through his attorney, Peniel Manigat with Penman & Associates, LLC., of counsel, and complaining against Defendant the STUDIO MOVIE GRILL, states as follows:

**NATURE OF CLAIM**

This is an action for discrimination based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C 2000 et seq.

**JURISDICTION**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, and 28 U.S.C. §1367.

## VENUE

Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."
The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois.

## PARTIES

1. Daniel Fuentes ("Plaintiff") is an adult and resident of DuPage County, Illinois, located in the Northern District of Illinois.

2. Defendant STUDIO MOVIE GRILL ("SMG" or "Defendant") is a private corporation, duly organized under the laws of the State of Texas with sufficient contacts and business in Illinois.

## FACTS

3. Plaintiff, an Latino American male, was employed with SMG for almost three years. Plaintiff was hired by SMG on April 5, 2013. Plaintiff was terminated on October 8, 2016.

4. During the times complained of, Plaintiff was employed as a Unit Manager.

5. SMG is the employer of over 5000 employees. Plaintiff managed approximately ninety employees.

6. Plaintiff's essential functions included, managing daily operations, providing leadership and direction in managing, supervising, and disciplining the SMG's employees.

7. Plaintiff has met his employer's legitimate expectations in relation to his duties as described in paragraph 6.

8. Prior to the matter complained of, Plaintiff never received progressive discipline as mandated by company policy.

9. During Plaintiff's tenure with the Company, he scored high on the 4 basic metrics used to evaluate unit managerial performance throughout the company.

10. As a Unit Manager, particularly with regards to sales and tip ratios, Plaintiff encouraged the company to consider tracking tip percentages per server since his servers were operating at a more efficient and more productive rate than most other Unit Managers' servers throughout the company.

11. SMG, through its culture and informal policies, allowed its white management personnel to communicate on social media, date and otherwise socialize but demanded its few Latino American management personnel not to socialize with other SMG personnel.

12. On or about October 8, 2016, and after Plaintiff complained about SMG's discriminatory enforcement of SMG's Fraternization Policy and other harassment from company management, Plaintiff's superior, Gary Van Gundy ("Gary"), a white male, summoned Plaintiff to inform him that he would be discharged.

13. Upon information and belief SMG implements, facilitates and promote a policy concerning behavior or performance issues involving its employees. SMG policy applies to all SMG employees.

14. Upon information and belief, The SMG's policy implements "corrective action" as a tool to improve performance and/or correct behavior, with each step defining the specific problem(s), ensuring that the employee has the support to succeed and confirming that the employee is aware of escalating consequences if he or she does not improve his or her performance or behavior.

15. Upon information and belief, SMG's policy states that the levels of corrective action are progressive.

16. Plaintiff was not given corrective action like other white SMG employees that were similar situated.

17. To the extent necessary, and prior to filing this instant Complaint, Plaintiff exhausted his administrative remedies by complaining to the appropriate entities and pursuing adequate avenues of relief.

18. Plaintiff filed a charge of racial and age discrimination against the SMG at Charge Number 440-2017-03888 with the EEOC.

## COUNT I
## RACE DISCRIMINATION

19. Plaintiff restates and realleges all the statements made in paragraphs 1-18 of this complaint as though fully set forth herein.

20. Plaintiff's race is Latino American.

21. Plaintiff performed his job satisfactorily.

22. Plaintiff's termination constitutes adverse employment action.

23. Plaintiff was not given corrective action for his purported violation of SMG's Fraternization Policy like other white SMG employees that were similar situated.

24. James Ewen, a similarly situated Caucasian Unit Manager, out of the store in Indianapolis, had numerous sexual harassment complaints, from customers and staff, and was afforded numerous investigations and was ultimately allowed to keep his job despite serious allegations and actual proof of inappropriate manager behavior/communication/interaction

25. Cameron Kent, a similarly situated Caucasian Unit Manager who was married and yet also held out as being in an open relationship with a server, in violation of company policy regarding managerial communication and interaction with staff, was never investigated or reprimanded and was actually promoted to General Manager of a store in Philadelphia despite his inappropriate behaviors/interactions/communications with company staff.

26. Defendant's purported reasons for terminating Plaintiff were a pretext for race discrimination.

27. Defendant's conduct constitutes a violation of the Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, et seq.

28. Plaintiff has suffered mental anguish, community embarrassment, physical stress and other physical and mental injuries and is entitled to an award of compensatory damages.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant and the following relief:

    A. Compensatory damages for the extreme mental anguish, physical stress and other physical and mental injuries he suffered;

B. Damages for future pecuniary losses;
C. Reimbursement of Plaintiff's costs and an award of reasonable attorney's fees; and
D. Reinstatement of employment;
E. Expungement of any wrongdoing from Plaintiff's personnel file;
F. For economic damages including, but not limited to, loss of back and front pay in an amount to be proven at trial;
G. Any other and further relief as this court may deem just and proper.

## COUNT II
## RETALIATION

29. Plaintiff restates and realleges all the statements made in paragraphs 1-18 of this Complaint as though fully set forth herein.

30. Plaintiff as a SMG employee, engaged in statutorily protected activity by reporting and complaining of the harassment, racism, and unfair practices described herein to SMG management and owners.

31. Defendant's similarly situated white employees were not evaluated by the same standards nor did they receive the same discipline.

32. Plaintiff did not engage in any of the conduct forming the purported basis for his termination.

33. Defendant did not honestly believe that Plaintiff had engaged in such conduct. Defendant's purported reasons for disciplining Plaintiff were a pretext for retaliating against Plaintiff for conduct protected by Title VII.

34. At the time when Defendant decided to harass and discipline Plaintiff, the decision makers were aware of Plaintiff's discrimination complaints.

35. Defendant's conduct constitutes a violation of the Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, et seq.

36. As a result of Defendant's actions, Plaintiff suffered emotional and physical trauma.

37. As a direct result of Defendant's conduct, Plaintiff has been deprived of employment. Plaintiff has suffered mental anguish, physical stress and other physical and mental injuries and is entitled to an award of compensatory damages.

38. Plaintiff is also entitled to costs and reasonable attorney's fees.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant and the following relief:

   A. Compensatory damages for the extreme mental anguish, physical stress and other physical and mental injuries that he suffered;
   B. Damages for future pecuniary losses;
   C. Reimbursement of Plaintiff's costs and an award of reasonable attorney's fees; and
   D. Any other and further relief as this court may deem just and proper.

## COUNT III
## ILLINOIS HUMAN RIGHTS ACT (IHRA)
## 775 ILCS 5/1-101 et seq.

39. Plaintiff restates and realleges all the statements made in all paragraphs of this complaint as though fully set forth herein.

40. This Court may take pendent jurisdiction over state law claims.

41.     Plaintiff was discriminated against based on his race as an Latino-American

42.     The Defendant caused said discrimination.

43.     Plaintiff has also suffered damages, loss of career opportunities, and income entitling him to an award of damages for future pecuniary losses. Plaintiff is also entitled to his costs and reasonable attorney's fees.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant and the following relief:

    A.    Compensatory damages for the extreme mental anguish, physical stress and other physical and mental injuries he suffered;
    B.    Damages for future pecuniary losses;
    C.    Reimbursement of Plaintiff's costs and an award of reasonable attorney's fees; and
    D.    Expungement of any wrongdoing from Plaintiff's personnel file;
    E.    Any other and further relief as this court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

May 25, 2018

/s/ Peniel Manigat
Peniel Manigat

Penman & Associates, Inc.
150 N. Michigan Ave., Ste. 800
Chicago, IL  60601
(312) 217-3221